**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Eric D. McCall, Appellant.

Appellate Case No. 2017-000800

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2020-UP-136
Submitted May 1, 2020 – Filed May 20, 2020

**AFFIRMED**

Tristan Michael Shaffer, of Tristan M. Shaffer Attorney at Law, of Chapin, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General W. Edgar Salter, III, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, all for Respondent.

**PER CURIAM:** Eric D. McCall appeals the circuit court's dismissal of his motion for resentencing pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), and *Aiken v. Byars*, 410 S.C. 534, 765 S.E.2d 572 (2014). On appeal, McCall argues he was entitled to a hearing in which the circuit court would re-evaluate his sentence in light of *Miller* and *Byars*. Because McCall was nineteen years old at the time he committed the crime for which he was sentenced, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Finley*, 427 S.C. 419, 423, 831 S.E.2d 158, 160 (Ct. App. 2019) ("When considering whether a sentence violates the Eighth Amendment's prohibition on cruel and unusual punishments, the appellate court's standard of review extends only to the correction of errors of law."); *id.* ("Therefore, this court will not disturb the circuit court's findings absent a manifest abuse of discretion."); *id.* ("An abuse of discretion occurs when the circuit court's finding is based on an error of law or grounded in factual conclusions without evidentiary support."); *Miller*, 567 U.S. at 479 (holding a mandatory life imprisonment sentencing scheme for juvenile offenders "poses too great a risk of disproportionate punishment" and thus violates the Eighth Amendment); *Byars*, 410 S.C. at 541, 765 S.E.2d at 576 ("[T]he principles enunciated in *Miller* . . . apply . . . to all juvenile offenders who may be subject to a sentence of life imprisonment without the possibility of parole."); *Id.* at 537 n.1, 765 S.E.2d at 573 n.1 ("*Miller* extends to defendants under eighteen years of age and therefore for the purposes of this opinion we consider juveniles to be individuals under eighteen.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.